```
                                                      FILED
                                                      CLERK
1              UNITED STATES DISTRICT COURT           10/27/2014
               EASTERN DISTRICT OF NEW YORK
2                                                     U.S. DISTRICT COURT
                                                      EASTERN DISTRICT OF NEW YORK
3      -------------------------------X               LONG ISLAND OFFICE
                                      :
4      UNITED STATES OF AMERICA,      :
                                      :  13-CR-00351 (SJF)
5                 v.                  :
                                      :  September 22, 2014
6      FARRUKH BAIG,                  :  Central Islip, New York
                                      :
7                 Defendant.          :
                                      :
8      -------------------------------X

9
              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
10             BEFORE THE HONORABLE STEVEN I. LOCKE
                   UNITED STATES MAGISTRATE JUDGE
11

12     APPEARANCES:

13
       For the Government:      UNITED STATES ATTORNEY
14                              BY:  CHRISTOPHER A. OTT, ESQ.
                                ASSISTANT U.S. ATTORNEY
15

16
       For the Defendant:       JOSEPH CONWAY, ESQ.
17

18

19

20

21

22     Court Transcriber:       MARY GRECO
                                TypeWrite Word Processing Service
23                              211 N. Milton Road
                                Saratoga Springs, New York 12866
24

25



       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

```
 1                                                                    2
 2
 3                         I N D E X
 4
     Defendant Sworn at Page 4
 5
 6   EXHIBITS                                    Marked   Received
 7   1    Plea Agreement                           --        11
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1  (Proceedings began at 11:28 a.m.)
2            THE CLERK:  All rise.  Calling case 13-CR-351, <u>United
3  States of America v. Farrukh Baig</u>.  Counsel, please state your
4  appearance on the record.
5            MR. OTT:  Good morning, Your Honor.  Christopher Ott
6  on behalf of the United States.  I'm joined at counsel table by
7  Special Agent William Brust of Homeland Security
8  Investigations.
9            THE COURT:  Good morning.
10           MR. CONWAY:  Good morning, Your Honor.  It's Joseph
11 Conway on behalf of Farrukh Baig.
12           THE COURT:  Who's sitting with you at counsel table.
13           MR. CONWAY:  Yes, he is, Your Honor.
14           THE COURT:  Thank you.  Please be seated.
15           Okay.  Before we get started, Mr. Baig, have you had
16 enough time to speak with your counsel?
17           THE DEFENDANT:  Yes.  Yes, sir.
18           THE COURT:  And do you understand why we're here
19 today?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Okay.  Before we get into some of the
22 nuts and bolts, you have signed a consent and order of referral
23 to have these proceedings conducted before me, a United States
24 Magistrate Judge.  You have an absolute right to have your plea
25 taken by a United States District Judge, in this case Judge

4

1  Feuerstein.  You are indicating your consent in the writing to
2  proceed before me and I just want to confirm that you are
3  consenting to proceed before me for the purposes of a plea
4  today.
5            THE DEFENDANT:  Yes.
6            THE COURT:  Okay.  Mr. Baig, before recommending that
7  the district judge consider your plea, there are a number of
8  questions I must ask to assure that the plea is valid.  If you
9  do not understand my questions, please say so and I will
10 attempt to reword them to the point where you can understand
11 them.
12           Kristen, would you please swear the defendant.
13           THE CLERK:  Please stand and raise your right hand.
14 (AT THIS TIME THE DEFENDANT, FARRUKH BAIG, WAS SWORN.)
15           THE COURT:  All right.  Mr. Baig, do you understand
16 that having been sworn your answers to my questions will be
17 subject to the penalties of perjury or of making false
18 statements if you do not understand truthfully?
19           THE DEFENDANT:  Yes.
20           THE COURT:  How old are you, Mr. Baig?
21           THE DEFENDANT:  I'm 59.
22           THE COURT:  59?
23           THE DEFENDANT:  Yes.
24           THE COURT:  Are you a citizen of the United States?
25           THE DEFENDANT:  Yes, sir.

5

1  THE COURT: How far did you go in school?
2  THE DEFENDANT: Say it again?
3  THE COURT: How far did you go in school?
4  THE DEFENDANT: I did Master's.
5  THE COURT: In what subject?
6  THE DEFENDANT: Political science.
7  THE COURT: Are you presently or have you recently
8  been under the care of a physician or psychiatrist?
9  THE DEFENDANT: I'm not under the -- on a regular
10 basis I go to see the doctor. That's all I have.
11 THE COURT: I'm sorry, could you -- I'm having
12 trouble hearing. Could you repeat that?
13 THE DEFENDANT: I said regularly I go to see my
14 doctor for medicine but not receiving any treatment.
15 THE COURT: Presently you're not receiving any
16 treatment?
17 THE DEFENDANT: No.
18 THE COURT: Would it be fair to say that you're
19 presently healthy?
20 THE DEFENDANT: Yes.
21 THE COURT: In the past 24 hours, have you taken any
22 narcotic drugs, medicine, or pills, or drunk any alcoholic
23 beverages?
24 THE DEFENDANT: No, sir.
25 THE COURT: Have you ever been hospitalized or

6

1 treated for narcotic addiction?
2     THE DEFENDANT: No.
3     THE COURT: Is your mind clear today?
4     THE DEFENDANT: Yes, sir.
5     THE COURT: Do you understand what's going on during
6 these proceedings?
7     THE DEFENDANT: Yes, sir.
8     THE COURT: Mr. Conway, have you discussed this
9 matter with your client?
10     MR. CONWAY: I have, Your Honor.
11     THE COURT: Does your client understand the rights
12 that would be waived by a guilty plea?
13     MR. CONWAY: Yes, he does.
14     THE COURT: Is your client capable of understanding
15 the nature of these proceedings?
16     MR. CONWAY: Yes, he is.
17     THE COURT: Do you have any doubts about the
18 defendant's competency to plead at this time?
19     MR. CONWAY: None at all, Your Honor.
20     THE COURT: Okay. Mr. Baig, you have the rights to
21 plead not guilty. Do you understand that?
22     THE DEFENDANT: Yes, sir.
23     THE COURT: If you plead not guilty, under the
24 constitution and laws of the United States you are entitled to
25 a speedy and public trial by a jury with the assistance of

```
                                                               7
 1   counsel on the charges.  Do you understand that?
 2             THE DEFENDANT:  Yes, sir.
 3             THE COURT:  At the trial, you would be presumed to be
 4   innocent and the Government would have to overcome that
 5   presumption and prove you guilty by competent evidence and
 6   beyond a reasonable doubt and you would not have to prove that
 7   you are innocent.  And if the Government failed, the jury would
 8   have the duty to find you not guilty.  Do you understand that?
 9             THE DEFENDANT:  Yes, sir.
10             THE COURT:  In the course of the trial, the witnesses
11   for the Government have to come to court and testify in your
12   presence and your counsel has the right to cross examine the
13   witnesses for the Government, to object to evidence offered by
14   the Government, and to offer evidence on your behalf.  Do you
15   understand that?
16             THE DEFENDANT:  Yes, sir.
17             THE COURT:  And if there were witnesses that were
18   reluctant to come to trial, your attorney would have the right
19   to subpoena those witnesses and make them testify on your
20   behalf.  Do you understand?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  At the trial, while you would have the
23   right to testify if you choose to do so, you would not be
24   required to testify.  Under the constitution of the United
25   States, you cannot be compelled to incriminate yourself.  If
```

8

1  you decided not to testify, the court would instruct the jury
2  they could not hold that against you.  Do you understand?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  If you plead guilty and I recommend
5  acceptance of the plea and the plea is accepted, you'll be
6  giving up your constitutional rights to a trial and the other
7  rights I have just discussed.  There'll be no further trial of
8  any kind and no right to appeal or collaterally attack at any
9  time the question of whether you're guilty or not.  A judgment
10 of guilty will be entered on the basis of your guilty plea
11 which judgment can never be challenged.  However, you may have
12 the right to appeal with respect to the sentence.  Do you
13 understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  If you plead guilty, I'm going to have to
16 ask you questions about what you did in order to satisfy myself
17 that you are guilty of the charges to which you seek to plead
18 guilty and you'll have to answer my questions and acknowledge
19 your guilt.  Thus, you'll be giving up your right not to
20 incriminate yourself.  Do you understand?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Are you willing to give up your right to
23 trial and the other rights I've just discussed?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  Have you read and discussed the Plea

9

1  Agreement with your attorney?
2              THE DEFENDANT:  Yes, sir.
3              THE COURT:  All right.  Mr. Ott, would you summarize
4  the terms of the agreement?
5              MR. OTT:  Yes, Your Honor.
6              THE COURT:  Including any waivers.
7              MR. OTT:  Yes, Your Honor.  In exchange for the
8  defendant pleading guilty to Counts 1 and 2 of the indictment
9  the Government will dismiss the remaining counts of the
10 indictment.
11             In addition to just pleading guilty, the defendant is
12 agreeing to the restitution set forth in Paragraph 1 of the
13 Plea Agreement, and also forfeiture as set forth in Paragraphs
14 5 through 11.  The Plea Agreement calls for an appellate waiver
15 of 135 months and less.
16             And in addition to what I've talked about, there's
17 also set forth in the Plea Agreement a projection of what we
18 feel the guidelines will be.  And although the defendant has
19 agreed not to challenge those, that's just an estimate that
20 everybody agrees to in the Plea Agreement.
21             THE COURT:  Okay.  Mr. Baig, we talk about the
22 elements of a crime which are the elements that the Government
23 must prove to establish guilt at trial.  Are you aware of the
24 elements of the crime which you are charged -- excuse me, which
25 you are charged with and to which you are pleading guilty

1  today?
2          THE DEFENDANT:  Yes.
3          THE COURT:  And you understand that there are two
4  counts?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Okay.  I'm going to ask the prosecutor to
7  summarize the elements of the charges which the defendant is
8  going to plead guilty to.
9          MR. OTT:  Yes, Your Honor.  As to Count 1, which is
10 conspiracy to commit wire fraud, the elements are is that there
11 is a knowing agreement to send across state lines a wire
12 communication for the purposes of fraud and also for the
13 purposes of obtaining a thing of value.  In the context here,
14 what is charged is that there were false statements being sent
15 across the state lines from New York and Virginia to Dallas,
16 Texas containing false payroll information to get things of
17 value.
18         I'm sorry, and as to Count 2, Your Honor, conspiracy
19 to harbor.  That again is a knowing agreement.  In that
20 context, it's an agreement to harbor aliens who do not have the
21 legal right to work in the United States and to do that for
22 financial gain.  Harboring includes in this context employing
23 illegal aliens.
24         THE COURT:  Okay.
25         Mr. Baig, have you discussed with your counsel the

11

1  charges of the indictment to which you intend to plead guilty?
2              THE DEFENDANT:  Yes.
3              THE COURT:  Do you understand the charges in the
4  indictment to which you are pleading guilty?
5              THE DEFENDANT:  Yes, sir.
6              THE COURT:  I'm going to summarize the potential
7  penalties.  Also note the Plea Agreement is Court's Exhibit 1
8  for the purpose of these proceedings.
9  (AT THIS TIME COURT EXHIBIT 1 MARKED)
10             Now, you're going to plead, I believe, guilty to two
11 counts.  Count 1, conspiracy to commit wire fraud contains a
12 maximum term of imprisonment of 20 years and a minimum term of
13 zero years.  There's also a maximum supervised release term of
14 three years which would follow any term of imprisonment.
15 During that term you'd be subject to certain restrictions and
16 you'd have to abide by those.
17             There's also a maximum fine of $250,000.00 or two
18 times the proceeds from the gain relating to the conduct.  And
19 the parties agree that restitution in the amount of
20 $2,621,114.97 should be ordered by the court to pay back the
21 wages of the employees that are described in the indictment.
22 You should be aware, however, that that calculation is subject
23 to the review of the district judge.
24             There's also a $100.00 special assessment and other
25 penalties regarding criminal forfeiture which are outlined in

12

1  the written Plea Agreement, Court's Exhibit 1.  That's Count 1.
2              Now Count 2, conspiracy to harbor aliens.  That
3  carries a maximum term of imprisonment of ten years, a minimum
4  term of imprisonment of zero years, and again, a maximum
5  supervised release term of three years to follow the term of
6  imprisonment, and if a condition is violated, meaning the
7  restrictions you have to follow, you could be subject to an
8  additional two years.  That's also true for Count 1 when we
9  discuss supervised release.  The maximum fine for the second
10 count is also $250,000.00 or twice the gain from the conduct at
11 issue.
12             And again the parties agree to restitution in the
13 amount of $2,621,114.97 to be ordered by the court to pay back
14 the wages of the employees described in the indictment.  Again,
15 that calculation is subject to the review of the district
16 judge.  There's also a $100.00 special assessment and
17 forfeiture provisions which are outlined in detail in the
18 agreement.
19             It's important to understand that the sentences can
20 run concurrently or consecutively.  That will be decided by the
21 district judge.
22             I think I mentioned this before but I just want to
23 reiterate with respect to both counts, violation of the terms
24 of supervised release could result in two additional years of
25 going back to jail.  Do you understand what I've just outlined

13

1  for you in terms of potential penalties?
2              THE DEFENDANT:  Yes, sir.
3              THE COURT:  Okay.  Have you discussed the sentencing
4  guidelines and other sentencing factors with your attorney?
5              THE DEFENDANT:  Yes, sir.
6              THE COURT:  Do you understand that the sentencing
7  guidelines are not mandatory but that in sentencing the court
8  is required to consider the applicable guideline range along
9  with statutory factors listed at 18 United States Code Section
10 3553(a) and that the court will consider the nature and
11 circumstances of the offense and your criminal history, if any,
12 and your characteristics.  Do you understand that?
13             THE DEFENDANT:  Yes, sir.
14             THE COURT:  What that means is the only guarantee you
15 have with regard to sentencing under statutory maximums we've
16 discussed before which can run concurrently or consecutively.
17 Do you understand?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  In formulating the sentence, the district
20 court will consider certain statutory factors including the
21 seriousness of the offense or offenses, just punishment,
22 protection of the public from additional criminal conduct by
23 you or others, and where appropriate, your cooperation with the
24 Government if the Government submits a 5K1.1 letter.  Do you
25 understand that?

```
                                                                 14
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  Do you realize that if the sentence is
 3   more severe than expected, you'll still be bound by your guilty
 4   plea and you will not be entitled to withdraw it?  Do you
 5   understand?
 6                THE DEFENDANT:  Yes, sir.
 7                THE COURT:  Do you have any questions that you'd like
 8   to ask me about the charges or your rights or anything we've
 9   just discussed relating to this matter?
10                THE DEFENDANT:  No, sir.
11                THE COURT:  Are you ready to plead?
12                THE DEFENDANT:  Yes.
13                THE COURT:  Mr. Conway, do you know any legal reason
14   why the defendant should not plead guilty to either of the two
15   counts we've discussed?
16                MR. CONWAY:  No, Your Honor.
17                THE COURT:  Mr. Baig, are you satisfied with your
18   legal representation up until this point?
19                THE DEFENDANT:  Yes, sir.
20                THE COURT:  Do you believe your lawyer did a good
21   job?
22                THE DEFENDANT:  Yes, sir.
23                THE COURT:  With respect to count one, conspiracy to
24   commit wire fraud, what is your plea?
25                THE DEFENDANT:  Guilty.
```

```
                                                             15
 1              THE COURT:  With respect to count two, conspiracy to
 2   harbor aliens, what is your plea?
 3              THE DEFENDANT:  Guilty.
 4              THE COURT:  Are you making these pleas of guilty
 5   voluntarily and of your own free will?
 6              THE DEFENDANT:  Yes, sir.
 7              THE COURT:  Has anyone threatened or coerced you or
 8   forced you to plead guilty to either of these counts?
 9              THE DEFENDANT:  No, sir.
10              THE COURT:  Other than the agreement with the
11   Government as stated on the record and provided in the Court's
12   Exhibit 1, has anyone made any promises that caused you to
13   plead guilty?
14              THE DEFENDANT:  No, sir.
15              THE COURT:  Has anyone made any promise to you as to
16   what your sentence will be?
17              THE DEFENDANT:  No, sir.
18              THE COURT:  Would you please describe for me in your
19   own words what you did in connection with the charges to which
20   you are pleading guilty?
21              THE DEFENDANT:  From 2000 to 2013 I agreed with
22   others to employ and harbor undocumented aliens at 7-Eleven
23   franchise stores located in Suffolk County, New York.  We made
24   this agreement to profit personally from the aliens' labor.  We
25   conceived this agreement and the aliens by agreeing to transmit
```

16

1 false and [indiscernible] payroll data from our stores in New
2 York and Virginia for 7-Eleven, Incorporated in Dallas, Texas.
3 These wire transmissions enable us to use 7-Eleven trademarks
4 while also employing undocumented aliens at our own profit.
5     THE COURT: Mr. Ott, would you please outline the
6 proof the Government would have offered had this matter gone to
7 trial?
8     MR. OTT: Your Honor, we have documentary evidence,
9 including the payroll of the stores, and other human resources
10 documents showing who was employed on paper in the stores.
11     We however also have the testimony of former
12 employees and managers at the stores as to who was actually
13 employed at the stores and that those individuals were aliens
14 who did not have permission to work in the United States. We
15 also have the wires that are described in Mr. Baig's colloquy
16 which to say the payroll information that's transmitted from
17 New York and Virginia to Dallas and we can prove through that
18 testimony and documentary evidence that the wires themselves
19 are false.
20     THE COURT: All right. Based upon the information
21 given to me, I find that the defendant is acting voluntarily,
22 fully understands his rights and the consequences of the pleas,
23 and that there is a factual basis for the pleas on both counts.
24 I therefore recommend that the pleas for both counts of guilty,
25 counts one and two of the indictment be accepted.

1    MR. OTT: Your Honor, the only addendum, we mentioned
2 this earlier, when it comes to the jewelry, the Government just
3 wanted to make clear that if there's proof presented that the
4 jewelry that's named in the forfeiture, both counts of the
5 indictment and in the plea agreement, is itself not the
6 proceeds of the criminal activity. Usually in the context of
7 being an heirloom of the family, the Government will not seek
8 forfeiture of those items even though there's agreed upon
9 forfeiture here. Procedurally, there's the final order of
10 forfeiture that would come at the sentencing. That would be
11 resolved before then.
12    THE COURT: Are we in agreement, Mr. Connelly?
13    MR. CONWAY: That's correct, Your Honor.
14    THE COURT: Okay. That does not change my
15 recommendation. I still recommend that the pleas be accepted.
16    One final comment, I know Mr. Burns is still in the
17 courtroom. Any modifications of bail, those kinds of
18 applications in this case, must be made to Judge Feuerstein in
19 the first instance. I previously indicated they might be made
20 before me. That was incorrect. I apologize. Anything else?
21    MR. OTT: No, Your Honor. Thank you.
22    MR. CONWAY: No, Your Honor.
23    MR. OTT: Oh, Your Honor, I'm sorry to interrupt. We
24 did have a control date set by Judge Feuerstein and that's
25 February 18, 2015 at 11:15 a.m.

```
                                                                    18
 1            THE COURT:  Correct.  I apologize.  I should have
 2   noted that for the record.  We're on the same page, Mr. Conway?
 3            MR. CONWAY:  That's it, Your Honor.  Thank you.
 4            THE COURT:  All right.  Very good.  We're concluded.
 5   Thank you.
 6            MR. OTT:  Thank you, Your Honor.
 7            MR. CONWAY:  Thank you, Your Honor.
 8   (Proceedings concluded at 11:46 a.m.)
 9                          *  *  *  *  *  *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    19
1       I certify that the foregoing is a court transcript from an
2   electronic sound recording of the proceedings in the above-
3   entitled matter.
4
5                                   _____
6                                            Mary Greco
7   Dated:   October 2, 2014
```