AO 245C     (Rev. 02/16) Amended Judgment in a Criminal Case          (NOTE:  Identify Changes with Asterisks (*))
            Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN   District of  NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>FARRUKH BAIG | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  CR-13-351-001<br>USM Number: 82409-053<br>JOSEPH CONWAY ESQ.<br>Defendant's Attorney |

**Date of Original Judgment:**   4/27/2015
**(Or Date of Last Amended Judgment)**
**Reason for Amendment:**

- ☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or   ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s)   COUNT ONE (1) AND TWO (2) OF THE INDICTMENT
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ JUL 26 2016

LONG ISLAND O.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC1349 | CONSPIRACY TO COMMIT WIRE FRAUD | 6/12/2013 | ONE (1) |
| 8USC1324, 8USC1324( | CONSPIRACY TO CONCEAL AND HARBOR ALIENS | 6/12/2013 | TWO (2) |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s)  3 THROUGH 15    ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 26, 2016
Date of Imposition of Judgment

s/ SANDRA J FEUERSTEIN
Signature of Judge

SANDRA J. FEUERSTEIN     U.S.D.J.
Name and Title of Judge

July 26, 2016
Date

AO 245C     (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  FARRUKH BAIG
CASE NUMBER:  CR-13-351-001

Judgment — Page __2__ of __6__

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

COUNT ONE (1): EIGHTY SEVEN (87) MONTHS; COUNT TWO(2): EIGHTY SEVEN (87) MONTHS CONCURRENT WITH THE TERM IMPOSED ON COUNT ONE(1)

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C   (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __6__

DEFENDANT:  FARRUKH BAIG
CASE NUMBER:  CR-13-351-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

COUNT ONE (1): THREE (3) YEARS; COUNT TWO (2): THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C . § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 02/16) Amended Judgment in a Criminal Case
          Sheet 3B — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __6__

DEFENDANT:  FARRUKH BAIG
CASE NUMBER:  CR-13-351-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall comply with restitution order forfeiture agreement..

2.  The defendant shall make full financial disclosure to the Probation Department.

3.  The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of supervised release may be found.  The search must be conducted in a reasonable manner and at a reasonable time.  The defendant's failure to submit to a search may be grounds for revocation.  The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

| DEFENDANT: | FARRUKH BAIG |
|---|---|
| CASE NUMBER: | CR-13-351-001 |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0 | $ 2,621,114.97 |

The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *Restitution shall be distributed to the victims as set forth in the sealed Appendix A associated with this order, *excluding the four individuals listed on Appendix 1 which the government inadvertently attached thereto.* The Court orders that the US Department of Labor/Wage & Hour Division receive and distribute all restitution funds consistent with this judgment and its attachments. At the end of a period of 3 years from the entry of this judgment, if all of the victims have not been identified and located by the US Department of Labor/Wage & Hour Division, the remaining restitution funds may be deposited with the Department of Treasury. All restitution checks shall be made payable to "Wage Hour-Labor" and mailed to: U.S. Department of Labor/Wage & Hour Division, 1400 Old Country Rd., Suite 410, Westbury NY 11590-5119, Attn: Diane Callan, Assistant Director | 2,621,114.97 | 2,621,114.97 | |

| **TOTALS** | $ 2,621,114.97 | $ 2,621,114.97 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

DEFENDANT:        FARRUKH BAIG
CASE NUMBER:      CR-13-351-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    x    Lump sum payment of $  200.00        due immediately, balance due

    ☐  not later than _____ , or
    x   in accordance with  ☐ C,  ☐ D,  ☐ E, or  **x F below; or**

**B**    ☐    Payment to begin immediately (may be combined with  ☐ C,     ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    x    Special instructions regarding the payment of criminal monetary penalties:

    *2,621,114.97 Restitution imposed due immediately, and payable at the rate of $25000 payable within 60 days of sentencing
    and, thereafter, payable at a rate of $25 per quarter while in custody, and 10% of monthly gross income while on supervision.
    Restitution shall be distributed to the victims as set forth in the sealed Appendix A associated with this order,
    *excluding the four individuals listed on Appendix 1 which the government inadvertently attached thereto.*  The
    Court orders that the US Department of Labor/Wage & Hour Division receive and distribute all restitution funds
    consistent with this judgment and its attachments.  At the end of a period of 3 years from the entry of this judgment,
    if all of the victims have not been identified and located by the US Department of Labor/Wage & Hour Division,
    the remaining restitution funds may be deposited with the Department of Treasury.  All restitution checks shall be
    made payable to "Wage Hour-Labor" and mailed to: U.S. Department of Labor/Wage & Hour Division, 1400 Old
    Country Rd., Suite 410.  Westbury NY 11590-5119, Attn: Diane Callan, Assistant Director

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
    corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

x    The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Preliminary Order of Forfeiture attached to this judgment

FR:bsg
F.#2010R02175

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     - against -

FARRUKH BAIG,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

F I L E D
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 2 7 2015   ★

LONG ISLAND OFFICE

PRELIMINARY
ORDER OF FORFEITURE

13 CR 0351 (SJF)

     WHEREAS, on September 22, 2014, FARRUKH BAIG (the "Defendant")

entered a plea of guilty to Counts One and Two of the above-captioned indictment, charging

violations of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i), 18 U.S.C. §§ 1343 and 1349;

     WHEREAS, pursuant to 8 U.S.C. § 1324(b)(1), 18 U.S.C. §§ 981(a)(1)(C) and

982(a)(6), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the Defendant consents to the entry and

forfeiture of the following:

     a)     a forfeiture money judgment in the amount of five million six

thousand four hundred eighteen dollars and six cents ($5,006,418.06) (the "Forfeiture Money

Judgment");

     b)     all right, title and interest accorded to the franchisee pursuant to

that certain Store Franchise Agreement dated November 11, 1988 for 7-Eleven store number

16440 located in Cutchogue, New York, and all proceeds traceable thereto;

     c)     all right, title and interest accorded to the franchisee pursuant to

that certain Store Franchise Agreement dated November 8, 1993 for 7-Eleven store number

34450 located in Smithtown, New York, and all proceeds traceable thereto;

          d)     all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 4, 1994 for 7-Eleven store number 11194 located in Selden, New York, and all proceeds traceable thereto;

          e)     all right, title and interest accorded to the franchisee pursuant to that certain Individual Franchise Agreement dated June 30, 2004 for 7-Eleven store number 11204 located in Islip, New York, and all proceeds traceable thereto;

          f)     all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 27642 located in Sag Harbor, New York, and all proceeds traceable thereto;

          g)     all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 20093 located in Greenport, New York, and all proceeds traceable thereto;

          h)     all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated March 8, 1996 for 7-Eleven store number 23924 located in Port Jefferson Station, New York, and all proceeds traceable thereto;

          i)     all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated September 25, 2009 for 7-Eleven store number 34298 located in Nesconset, New York, and all proceeds traceable thereto;

          j)     all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated June 13, 2008 for 7-Eleven store number 23030 located in Portsmouth, Virginia, and all proceeds traceable thereto;

k) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 13, 2008 for 7-Eleven store number 33718 located in Chesapeake, Virginia, and all proceeds traceable thereto;

l) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated January 8, 2009 for 7-Eleven store number 33533 located in Norfolk, Virginia, and all proceeds traceable thereto;

m) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 33329 located in Chesapeake, Virginia, and all proceeds traceable thereto;

n) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated August 18, 2011 for 7-Eleven store number 25839 located in Newport News, Virginia, and all proceeds traceable thereto;

o) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated November 2, 2007 for 7-Eleven store number 33349 located in Virginia , Virginia, and all proceeds traceable thereto;

p) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 32963 located in Chesapeake, Virginia, and all proceeds traceable thereto;

q) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 26, 2009 for 7-Eleven store number 27188 located in Norfolk, Virginia, and all proceeds traceable thereto;

r) all right, title and interest accorded to the franchisee pursuant to

that certain Individual Store Franchise Agreement dated September 27, 2010 for 7-Eleven store number 24343 located in Norfolk, Virginia, and all proceeds traceable thereto;

s)    all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 29, 2007 for 7-Eleven store number 29104 located in Manassas, Virginia, and all proceeds traceable thereto;

t)    the real property and premises located at 1000 9th Street Unit #G56, Driftwood Cove, Greenport, New York 11944, and all proceeds traceable thereto;

u)    $6,567.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 16440 located at 28905 East Main Street, Cutchogue, New York, and all proceeds traceable thereto;

v)    $4,764.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34450 located at 710 Route 347, Smithtown, New York, and all proceeds traceable thereto;

w)    $8,430.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11194 located at 1316 Middle Country Road, Selden, New York, and all proceeds traceable thereto;

x)    $29,774.95 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11204 located at 2715 Union Blvd, Islip, New York, and all proceeds traceable thereto;

y)    $24,618.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 27642 located at 22 Water Street Shops, #20, Sag Harbor, New York, and all proceeds traceable thereto;

z)  $9,803.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 20093 located at 747 Main Road, Greenport, New York, and all proceeds traceable thereto;

aa)  $48,920.50 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 23924 located at 500 Old Town Road, Port Jefferson Station, New York, and all proceeds traceable thereto;

bb)  $5,461.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34298 located at 235 Smithtown Blvd, Nesconset, New York, and all proceeds traceable thereto;

cc)  $6,715.26 in United States currency seized on or about June 17, 2013 from Capital One Bank, Account Number 06326042378, held in the names of Farrukh and Bushra Baig, and all proceeds traceable thereto;

dd)  $9,000.00 in United States currency along with approximately 53 items of assorted jewelry seized on or about June 17, 2013 from TD Bank safe deposit box number 414, held in the names of Farrukh and Bushra Baig, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto;

ee)  Foreign currency worth approximately $5,315.82 in United States currency, approximately 10 collectible foreign currency items worth approximately $270.00 in United States currency, 12 Gold Bars, and approximately 124 items of assorted jewelry seized on or about June 17, 2013, from TD Bank safe deposit box number 845, held in the names of Bushra Baig & Mustafa Rehmani, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto; and

ff)    approximately 220 items of assorted jewelry seized on or about June 17, 2013, from Capital One Bank safe deposit box number 19-150, held in the names of Malik Yousef, Mehnaz Yousef and Farrukh Baig, located at 532 Old Town Road, Port Jefferson, New York 11776, and all proceeds traceable thereto.

(items (b) through (ff), collectively, the "Forfeited Assets"). Defendant acknowledges that the Forfeited Asset represent (a) property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. §§ 1343 and 1349; (b) gross proceeds of the defendant's violations of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) & 1324(a)(1)(B)(i), or property traceable to such proceeds; (c) property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly, from the commission of the defendant's violations of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) & 1324(a)(1)(B)(i) or that was used to facilitate or intended to facilitate the commission of such offenses; and/or (d) are substitute assets pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.    The Defendant shall forfeit to the United States, pursuant to 8 U.S.C. § 1324(b)(1), 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), all right, title and interest in the Forfeiture Money Judgment and the Forfeited Assets. The value of the Forfeited Assets shall not be credited towards payment of the Forfeiture Money Judgment.

2.    The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, which shall be paid in full on or before the date of

the entry of his guilty plea (the "Due Date"). The Forfeiture Money Judgment shall be paid by

certified or bank check, made payable to "United States Customs and Border Protection" and

shall be delivered by overnight via Federal Express to Asset Forfeiture Paralegal Brian Gappa,

United States Attorney's Office, Eastern District of New York, at 610 Federal Plaza, Central

Islip, New York 11722, with the criminal docket number noted on the face of the check.   If the

Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due

Date, interest shall accrue thereon at the judgment rate.

     3.    The Defendant has represented that he will fully disclose all of his assets

to the United States within thirty (30) days from the date of sentencing in the United States

Department of Justice Financial Statement (the "Financial Statement").   If the Defendant has

failed to disclose to the government any assets in which he has any interest (the "undisclosed

assets"), the United States shall forfeit all such undisclosed assets, if any, up to the amount of

the Forfeiture Money Judgment.   If the Forfeiture Money Judgment is not paid in full to the

United States, or if the Forfeited Assets, or any portion thereof, are not forfeited to the United

States, the United States may seek to enforce this Preliminary Order of Forfeiture against any

other assets, real or personal, of the Defendant up to the value of the Forfeiture Money

Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any

other applicable law.

     4.    The United States shall publish notice of this Preliminary Order, in

accordance with the custom and practice in this district, on the government website

www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the

Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

5.     Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice. or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

6.     The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets or the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets and the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. If the Forfeited Assets or the Forfeiture Money Judgment or any

portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeited Assets and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

7.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.   In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final at the time of the defendant's sentencing and shall be made part of the Defendant's sentence and included in his judgment of conviction.   If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).   At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.  Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable

proceeding to comply with statutes governing third-party rights, including giving notice of this Order. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Forfeited Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

11. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

12. This Order shall be final and binding only upon the Court "so ordering" the order.

13. The Court shall retain jurisdiction over this action to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Asset Forfeiture Paralegal Brian Gappa, United

States Attorney's Office, Eastern District of New York, at 610 Federal Plaza, 5th Floor, Central

Islip, New York 11722.

Dated: Central Islip, New York
April _, 2015

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

Case 2:13-cr-00351-SJF-SIL   Document 300   Filed 07/26/16   Page 18 of 24 PageID #: 1702

Case 2:13-cr-00351-SJF-SIL   Document 228-2 *SEALED*   Filed 05/05/15   Page 1 of 7
PageID #: 1106
Case 2:13-cr-00351-SJF-SIL   Document 212 *SEALED*   Filed 04/15/15   Page 1 of 3 PageID
#: 941



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CAO
F. #2010R02175

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 15, 2015

By ECF and Via Email
**TO BE SUBMITTED UNDER SEAL**

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
1020 Federal Plaza
Central Islip, New York 11722

    Re: <u>United States v. Farrukh Baig, Malik Yousaf and Bushra Baig, et al.</u>,
       13CR351 (SJF)

Dear Judge Feuerstein:

    The government writes separately to file the victim list referenced in the
government's sentencing memoranda for the above-referenced defendants. Because
Appendix A gives the names and addresses of victims, the government submits this letter and
the attached appendix under seal.

    Please do not hesitate to contact me if you have any concerns or questions.

           Respectfully submitted,

           LORETTA E. LYNCH
           United States Attorney

    By:  /S
           Christopher A. Ott
           Assistant U.S. Attorney
           (718) 254-6154

CC: Counsel (Via Email)

Attachment: Appendix A

2

## Appendix 1

Restitution shall be apportioned in the following manner amongst the victims:

$638,680.97 to victim Roberta Hodes;

$507,708.25 to victim Margaret Vasily;

$713,345.91 to victim Tony Lin; and

$200,000.00 to victim Richard Howk

3

Case 2:13-cr-00351-SJF-SIL   Document 300   Filed 07/26/16   Page 21 of 24 PageID #: 1705
Case 2:13-cr-00351-SJF-SIL   Document 228-2 *SEALED*   Filed 05/05/15   Page 4 of 7
PageID #: 1100
Case 2:13-cr-00351-SJF-SIL   Document 212-1 *SEALED*   Filed 04/15/15   Page 1 of 4
PageID #: 944

**Appendix A**, United States v. Zahid Baig, et al., 13CR351 (SJF)

| First Name | Last Name | EE Address | City | State | Zip Code | BWs due |
|---|---|---|---|---|---|---|
| Dalia | Castillo | 4 Greenway Rd #7 | Manorville | NY | 11949 | $11,905.00 |
| Shaukat | Chaudry | 29826 Main Road | Cutchogue | NY | 11935 | $23,660.05 |
| John | Doe Cutchogue | | | | | $1,514.00 |
| Muneer | Helean | 18 Adams Street | Greenport | NY | 11944 | $25,989.50 |
| Safdar | Iqbal | 902 West Main Street | Riverhead | NY | 11901 | $23,746.67 |
| Ulises | Lopez | 212 5th Avenue | Greenport | NY | 11944 | $1,054.50 |
| Khalid | Mahmood | 29825 Main Road | Cutchogue | NY | 11935 | $42,250.00 |
| Mohammed | Nazir | 31 Meadowlark Lane | Sag Harbor | NY | 11963 | $7,901.52 |
| Alezander | Siguenza Torrez | 318 5th Avenue | Greenport | NY | 11944 | $994.66 |
| Manzoor | Ahmed | 54 Blue Point Road | Selden | NY | 11784 | $3,081.79 |
| Wasim | Ahmed | 54 Blue Point Road | Selden | NY | 11784 | $9,459.00 |
| Benigna | Carbajal Ramirez | P.O. Box 57 | Cutchogue | NY | 11935 | $3,119.04 |
| Juan | Castellanos | 40 South Road | Greenport | NY | 11944 | $11,550.50 |
| John | Doe 1 Greenport | | | | | $3,262.50 |
| John | Doe 2 Greenport | | | | | $4,837.50 |
| John | Doe 3 Greenport | | | | | $10,575.00 |
| John | Doe 4 Greenport | | | | | $17,550.00 |
| John | Doe 5 Greenport | | | | | $8,437.50 |
| Maria | Giron | 22345 Main Road | Cutchogue | | 11935 | $2,098.75 |
| Patricia | LNU | | | | | $499.50 |
| Maria | Lopez | 336 Second Street | Greenport | NY | 11944 | $15,773.20 |
| Abdul | Qadir | | | | | $22,239.36 |
| Marlene | Ruiz Amaya | 235 Fourth Avenue | Greenport | NY | 11944 | $28,252.38 |
| Alezander | Siguenza Torrez | 318 5th Avenue | Greenport | NY | 11944 | $38,419.47 |

Case 2:13-cr-00351-SJF-SIL   Document 300   Filed 07/26/16   Page 22 of 24 PageID #: 1706

Case 2:13-cr-00351-SJF-SIL   Document 228-2 *SEALED*   Filed 05/05/15   Page 5 of 7
PageID #: 1430
Case 2:13-cr-00351-SJF-SIL   Document 212-1 *SEALED*   Filed 04/15/15   Page 2 of 4
PageID #: 945

**Appendix A**, United States v. Zahid Baig, et al., 13CR351 (SJF)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Saima | | Ali | 136 Moffit Blvd | Islip | NY | 11751 | $380.63 |
| Zulfiqar | | Ali | 136 Moffit Blvd | Islip | NY | 11751 | $52,114.77 |
| Rizwan | | Ashgar | 560 Beech Street | No. Babylon | NY | 11703 | $16,141.63 |
| Saneullah | | Chaudry | | | | | $432.00 |
| John | | Doe 1 Islip | | | | | $1,000.00 |
| John | | Doe 2 Islip | | | | | $5,544.00 |
| John | | Doe 3 Islip | | | | | $9,600.00 |
| John | | Doe 4 Islip | | | | | $11,600.00 |
| Imran | | Saeed | 37 Sundial Lane | Bellport | NY | 11713 | $16,737.00 |
| Zuhair | | Zahir | 46 Farrington Avenue | Bay Shore | NY | 11706 | $1,272.00 |
| Adnan | A. | Ashgar | 560 Beech Street | No Babylon | NY | 11703 | $19,856.00 |
| John | | Doe 1 Nesconset | | | | | $1,280.00 |
| Juan | | Doe 2 Nesconset | | | | | $18,176.00 |
| John | | Doe 3 Nesconset | | | | | $2,992.00 |
| Binod | | Gautam | 66 College Road | Selden | NY | 11784 | $695.00 |
| Kamran | | Hussain | 191 Bergen Street | Port Jefferson Sta | NY | 11776 | $23,712.00 |
| Ahsan | | Javed | 66 Sheppard Lane | Smithtown | NY | 11787 | $7,798.25 |
| Mohammed | | Javed | 66 Sheppard Lane | Smithtown | NY | 11787 | $41,610.50 |
| Paul | | LNU | | | | | $6,480.00 |
| Assan | | Mahbub | 160 West 3rd Street | Ronkonkoma | NY | 11779 | $684.00 |
| MD | | Mahbub | 160 West 3rd Street | Ronkonkoma | NY | 11779 | $5,032.00 |
| Nadarajan | | Pal | 902 West Main Street | Riverhead | NY | 11901 | $20,584.72 |
| Khalil | | Ahmed | 191 Bergen Street | Port Jefferson Sta | NY | 11776 | $5,184.00 |
| Syed | Amir | Ashraf | 340 East 5 Street | Brooklyn | NY | 11218 | $5,124.50 |
| Afzaal | Ahmed | Butt | 191 Bergen Street | Port Jefferson Sta | NY | 11776 | $34,100.00 |
| John | | Doe 1 Port Jeff Station | | | | | $3,328.00 |
| John | | Doe 2 Port Jeff Station | | | | | $480.00 |

Case 2:13-cr-00351-SJF-SIL   Document 228-2 *SEALED*   Filed 05/05/15   Page 6 of 7
PageID #: 1111
Case 2:13-cr-00351-SJF-SIL   Document 212-1 *SEALED*   Filed 04/15/15   Page 3 of 4
PageID #: 946

**Appendix A, United States v. Zahid Baig, et al., 13CR351 (SJF)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| John | | Doe 3 Port Jeff Station | | | | | $10,240.00 |
| Meral | | LNU | | | | | $12,480.00 |
| Raul | | LNU | | | | | $8,320.00 |
| Cris | | Salcedo | 191 Bergen Street | Port Jefferson Sta | NY | 11776 | $20,861.25 |
| Muhammad | Khalid | Siddiqi | 191 Bergen Street | Port Jefferson Sta | NY | 11776 | $31,945.50 |
| Angelito | | Baliwage | 31 Meadowlark Lane | Sag Harbor | NY | 11963 | $39,176.80 |
| Jenny | Dolores | Bueno Arias | 45 Division Street | Sag Harbor | NY | 11963 | $40,212.33 |
| John | | Doe 1 Sag Harbor | | | | | $1,008.00 |
| John | | Doe 2 Sag Harbor | | | | | $5,040.00 |
| John | | Doe 3 Sag Harbor | | | | | $864.00 |
| John | | Doe 4 Sag Harbor | | | | | $4,608.00 |
| John | | Doe 5 Sag Harbor | | | | | $19,008.00 |
| Jorge | | Martinez-Amaya | 31 Carroll Street | Sag Harbor | NY | 11963 | $23,679.43 |
| Mohammad | Arif | Nawaz | 31 Meadowlark Lane | Sag Harbor | NY | 11963 | $34,404.00 |
| Mohammad | Khalid | Nazir | 31 Meadowlark Lane | Sag Harbor | NY | 11963 | $42,048.00 |
| Naseem | | Oureshi | | | | | $3,312.00 |
| Rashad | | Rasheed | 31 Meadowlark Lane | Sag Harbor | NY | 11963 | $33,587.58 |
| Wasim | | Ahmed | 54 Blue Point Road | Selden | NY | 11944 | $15,910.55 |
| Javed | | Akbar | 19 Liberty Avenue | Selden | NY | 11944 | $10,415.00 |
| Muhammad | Siddique | Butt | 22 Marshall Drive | Selden | NY | 11944 | $12,160.00 |
| Dipa | | Dahal | 66 College Road | Selden | NY | 11944 | $540.00 |
| John | | Doe 1 Selden | | | | | $2,478.00 |
| John | | Doe 2 Selden | | | | | $14,721.78 |
| Nasser | | Elkodiri | 25 Hallock Meadow Drive | Stony Brook | NY | 11790 | $5,606.44 |

Case 2:13-cr-00351-SJF-SIL   Document 300   Filed 07/26/16   Page 24 of 24 PageID #: 1708

Case 2:13-cr-00351-SJF-SIL   Document 228-2 *SEALED*   Filed 05/05/15   Page 7 of 7
PageID #: 1112
Case 2:13-cr-00351-SJF-SIL   Document 212-1 *SEALED*   Filed 04/15/15   Page 4 of 4
PageID #: 947

**Appendix A**, <u>United States v. Zahid Baig, et al.</u>, 13CR351 (SJF)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Dominick | (cousin) | LNU | | | | | $10,050.44 |
| Dominick | | LNU | | | | | $9,625.78 |
| Ishtaiq | | LNU | | | | | $3,982.50 |
| Robin | | LNU | | | | | $7,360.89 |
| Muhammed | Jamshed | Malik | 73 Marshall Drive | Selden | NY | 11784 | $11,700.00 |
| Aly | | Menessy | 77 Jefferson Avenue | St James | NY | 11780 | $19,890.00 |
| Zahid | | Raja | 20 Days Avenue | Selden | NY | 11944 | $13,640.00 |
| Mohammad | | Riaz | 777 East 31 St, apt 3R | Brooklyn | NY | 11210 | $1,836.00 |
| Saul | | Saldana | 19 Liberty Avenue | Selden | NY | 11944 | $256.00 |
| Nisar | | Chaudhry | 9 Tremont Avenue | Brentwood | NY | 11717 | $2,550.00 |
| John | | Doe Smithtown | | | | | $11,857.78 |
| Shabbir | | Hussein | 39 East Meadow Road | Calverton | NY | 11933 | $3,608.89 |
| Ahsan | | Javed | 66 Sheppard Lane | Smithtown | NY | 11787 | $36,080.00 |
| Maria | | LNU | | | | | $20,106.67 |
| Raj | | LNU | | | | | $23,611.11 |
| Sherpa | | LNU | | | | | $31,196.67 |
| Ahmad | | Mujtaba | 732 Avenue E | Bayonne | NJ | 7002 | $5,440.00 |
| Nadarajan | | Pal | 902 West Main Street | Riverhead | NY | 11901 | $17,813.70 |

Total Back Wages: $1,253,343.48